UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

CHRISTOPHER POULAIN,

              Plaintiff,

v.

DR. G. GULICK, DR. STEVE SHELTON,
MARK NOOTH, and MAX WILLIAMS,

              Defendants.

Civ. No. 09-1119-AC

FINDINGS AND
RECOMMENDATION

ACOSTA, Magistrate Judge:

*Introduction*

Before the court is defendants Dr. G. Gulick ("Gulick"), Dr. Steve Shelton ("Shelton"), Mark Nooth ("Nooth"), and Max Williams's ("Williams") (collectively "Defendants") motion to dismiss pursuant to Rule 12(b)(6). Christopher Poulain ("Poulain"), an inmate at Snake River Correctional Institution ("SRCI") proceeding pro se, brought this action under 42 U.S.C. § 1983 ("section 1983")

FINDINGS AND RECOMMENDATIONS      1      {KPR}

seeking money damages against Defendants. Defendants filed their motion to dismiss arguing: (1) Poulain's claim was barred by Oregon's two-year statute of limitations for claims brought under section 1983 and (2) state officials are not liable under section 1983 for acts of their subordinates based on a respondeat superior theory of liability. Poulain responded, arguing that he was entitled to tolling while exhausting administrative remedies as required by the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Poulain further asserted he was entitled to equitable tolling. Defendants replied that equitable tolling does not apply to section 1983 claims in Oregon, and even if equitable tolling was available and the exhaustion period was excluded, Poulain still failed to commence this action before the statute of limitations expired. Defendants further asserted that Poulain failed to exhaust his administrative remedies as required by the PLRA before filing suit.

Poulain sought leave to file an amended complaint. The court permitted the amendment, staying ruling on the motion to dismiss. Poulain then filed a First Amended Complaint ("the amended complaint") alleging that Defendants violated his right to be free from cruel and unusual punishment under the Eight Amendment. The amended complaint specifically alleges that Shelton showed deliberate indifference to Poulain's serious medical needs, in violation of the Eighth Amendment, in failing to order proper diagnostic testing in order to confirm the necessity of the subsequent procedure. The amended complaint specifically alleges that Williams and Nooth failed in their duty to keep Oregon Department of Corrections ("ODOC") inmates free from cruel and unusual punishment. Poulain also added additional state law tort claims against Defendants for assault, intentional infliction of emotional distress, and medical malpractice.

Defendants filed a supplemental motion to dismiss reasserting Poulain's failure to timely commence this action and further arguing that they are immune from liability for the state law tort

claims under the Eleventh Amendment. The court ordered supplemental briefing and directed, by minute order, that Defendants' supplemental motion be treated as their supplemental brief. (Order #33.) In response, Poulain again asserted that the statute of limitations should have been tolled while he was exhausting administrative remedies. With respect to the Eleventh Amendment, Poulain responded, essentially, that he did not understand the contours of Eleventh Amendment immunity but nonetheless stood behind his claims as pleaded.

On August 5, 2011, the court issued its Findings and Recommendation, recommending dismissal of Poulain's claims on statute of limitations grounds. The district judge declined to adopt the Findings and Recommendation, holding that Poulain's claims were timely filed. Instead, the district judge returned this matter to the court to consider "whether to address the remaining grounds for dismissal raised by Defendants in their Motion to Dismiss or whether to provide Plaintiff with the opportunity to file an amended complaint to attempt to address Defendants' additional grounds for dismissal before engaging in further motion practice." (Order #50 at 7.) The court will thus evaluate Defendants' motion to dismiss on the remaining grounds, per the district judge's order.

For the reasons set forth below, the court recommends that the defendant's motion to dismiss be granted in part and denied in part.

*Background*

Poulain's claims arise out of a February 2, 2007, operation during which his testicle was removed. On December 13, 2006, Poulain met with Victor Ishida, P.A., who approved an ultrasound to investigate Poulain's enlarged testicle. (Hicks Declaration ("Decl."), Attachment ("Attach.") 5 at 5.) On November 29, 2006, the Therapeutic Level of Care committee reviewed the results of the ultrasound and recommended a urology consultation with Dr. Klein. *Id.* Poulain had an

FINDINGS AND RECOMMENDATIONS        3                          {KPR}

appointment with Dr. Klein on December 18, 2006, and was advised to return in two months and repeat the ultrasound. *Id.* On January 2, 2007, Poulain had a follow up appointment with Gulick, a doctor. *Id.* Gulick and Poulain discussed the growing lump in Poulain's testicle and scheduled a procedure, known as an oriechtomy, to remove the testicle. *Id.* The orchiectomy was performed on February 2, 2007. (Complaint at 4A.) A subsequent test revealed that the lump was not cancerous.

Poulain pursued administrative remedies, complaining that his testicle was unnecessarily removed. The general response to these complaints was that Poulain had been adequately informed of the risks of surgery, in particular the chance that the lump in his testicle was not cancerous, and that Poulain had nonetheless elected to proceed.

*Legal Standards*

Defendants brought this motion to dismiss under Rule 12(b)(6). Although a plaintiff need not allege detailed facts, a motion to dismiss under Rule 12(b)(6) will be granted if the pleading fails to provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). A claim rises above the speculative level "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). The court is required to "assume the veracity" of all well-pleaded factual allegations. *Id.* at 1950. Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (*citing Iqbal*, 129 S. Ct. at 1949)).

Pro se pleadings must be "liberally construed." *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006). Before dismissing a pro se litigant's complaint, the court must give the pro se litigant leave to amend his complaint unless it is "absolutely clear that the deficiencies of the complaint cannot be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007).

*Discussion*

I.  Section 1983

Defendants argue that Poulain cannot assert a section 1983 claim against defendants Shelton, Nooth, and Williams because the claim is premised on a respondeat superior theory of liability and lacks allegations that these defendants personally participated in the alleged violation.[1] Poulain does not address this ground for dismissal in his response brief.

"Liability under section 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983." *Taylor v. List*, 880 F.2d 1040, 1046 (9th Cir. 1989) (citations omitted).

The allegations in the amended complaint demonstrate that a section 1983 claim may not be alleged against Nooth and Williams. Poulain's complaint states: "Director Max Williams and Superintendent Mark Nooth are both to keep all ODOC prisoners free from cruel and unusual punishment" which they have failed to accomplish by appropriate oversight and regulation of

---

[1] Defendants do not argue that Gulick lacked personal participation in the alleged violation. Thus, the court need not consider whether the section 1983 claim against Gulick should be dismissed for lack of personal participation.

FINDINGS AND RECOMMENDATIONS          5          {KPR}

medical personnel. (Complaint 4B.) Thus, Poulain is seeking to impose liability for violation of a general duty to avoid Eighth Amendment violations in ODOC facilities, rather than any specific conduct, knowledge, or inaction by Nooth and Williams that actually caused Poulain's injury. These claims implicate respondeat superior liability which is not actionable under section 1983.

Poulain's claim against Shelton presents a closer question. Poulain alleges that Gulick conferred with Shelton as required by ODOC policies, that Shelton had knowledge of Poulain's particular situation, and that Shelton failed to order appropriate diagnostic tests prior to the procedure that removed one of Poulain's testicles. It is clearly alleged that Shelton knew the surgery would take place and failed to take the steps necessary to prevent the unnecessary removal of Poulain's testicle. Thus, with respect to whether Poulain adequately pleaded personal participation of Shelton, the court concludes that the pleading was adequate and Poulain's section 1983 claim against Shelton should not be dismissed on this ground. In sum, the section 1983 claim should be dismissed against Nooth and Williams, but should remain in place against Gulick and Shelton.

## II.  State Law Tort Claims

In the amended complaint, Poulain asserts the following tort claims against all Defendants in their individual and official capacities: assault, intentional infliction of emotional distress, negligence, and medical malpractice. Defendants argue that under the Oregon Tort Claims Act ("OTCA"), Poulain may not allege state law tort claims against Defendants, but rather must assert them against the State of Oregon. Defendants argue, additionally, that these claims against the State of Oregon would be barred by Eleventh Amendment immunity. Poulain responds that he is not familiar with the particulars of the law, but he maintains that the claims have merit under the facts of this case and offers to amend his complaint to correct any pleading deficiency occasioned by the

amended complaint.

The Oregon Tort Claims Act states: "The sole cause of action for any tort of officers, employees or agents of a public body acting within the scope of their employment or duties . . . shall be an action against the public body only." OR. REV. STAT. 30.265(1) (2009). Therefore, Defendants acting in their official capacities may not be sued for a state law tort. These claims must be made against the state itself. Again, Defendants argue that these claims must be dismissed against the State of Oregon as it is generally immune from suit in federal court under the Eleventh Amendment.

"The Eleventh Amendment creates an important limitation on federal court jurisdiction, generally prohibiting federal courts from hearing suits brought by private citizens against state governments without the state's consent." *Sofamor Danek Group v. Brown*, 124 F.3d 1179, 1183 (9th Cir. 1997) (citing *Hans v. Louisiana*, 134 U.S. 1, 15 (1890)). The Eleventh Amendment also bars suits against state agencies. *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). It also bars suits against state officers who are sued in their official capacity for damages or other retroactive relief. *Ex Parte Young*, 209 U.S. 123, 155-56 (1908). The Eleventh Amendment does not, however, bar suits for damages against state officials in their personal capacity. *Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992). It also permits suits for prospective declaratory or injunctive relief against state officials in their official capacity. *Ex Parte Young*, 209 U.S. at 155-56.

As the caption of the amended complaint indicates, Poulain asserts claims against Defendants in both their official and individual capacities. A state official acting outside the scope of his or her employment may be held liable for their actions. In *Stanfield v. Laccoarce*, 284 Or. 651, 588 P.2d

1271 (1978), the Oregon Supreme Court articulated three factors with which to evaluate whether conduct is within the scope of employment:

> In deciding whether an employee was acting within the scope of his employment, the factors to be considered are whether the act in question is of a kind the employee was hired to perform, whether the act occurred substantially within the authorized limits of time and space, and whether the employee was motivated, at least in part, by a purpose to serve the employer.

*Id.* at 655. The Oregon Supreme Court has characterized these three elements as "requirements," all of which must be met to demonstrate conduct within the scope of employment. *Lourim v. Swensen*, 147 Or. App. 425, 433, 936 P.2d 1011 (1997) (citing *Chesterman v. Barmon*, 305 Or. 439, 442, 753 P.2d 404 (1988)).

Here, the court finds that Gulick and Shelton were acting within the scope of their employment with respect to the acts alleged by Poulain. Poulain makes no allegation that either Gulick or Shelton acted outside the scope of his employment and, based on the material in the complaint, the court has no reason to conclude otherwise. Specifically, Gulick and Shelton were providing medical care consistent with their positions at ODOC, the act as alleged took place in the time and space consistent with their positions as medical providers for ODOC, and there is no allegation that Gulick and Shelton were acting for any other purpose than to serve their employer. Accordingly, Gulick and Shelton acted in their official capacities with respect to the alleged conduct and such conduct may not support tort claims against them in this action.

## *Conclusion*

For the reasons stated, Defendants' Motion to Dismiss (#11) should be granted in part and denied in part.

*Scheduling Order*

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due March 8, 2012. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 22nd day of February, 2012.

/s/ John V. Acosta
JOHN V. ACOSTA
United States Magistrate Judge