**Darien S. Loiselle**, OSB #925796
Email: dloiselle@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

Attorney for Christopher Paul Poulain

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CHRISTOPHER PAUL POULAIN,** | No. 3:09-cv-01119-AC |
| Plaintiff, | RESPONSE TO MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| **DR. G. GULICK; DR. STEVE SHELTON; MARK NOOTH; MAX WILLIAMS,** | |
| Defendants. | |

I. Certificate of Conferral:

Defendants' counsel correctly notes that there has been a good faith conferral on the issues and the parties were unable to resolve with assistance from the Court.

II. Procedural History/Limitation of Motion:

This case is unique in one respect—plaintiff has been in an uninterrupted incarceration since the incident giving rise to his claim for relief. For much of the procedural history of this

Page 1 -   RESPONSE TO MOTION FOR SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\050263\083890\DSL\15158342.1

case, Plaintiff was *pro se*, and only after several dismissals limited his claims for relief to the remaining claim in dispute did Plaintiff secure assistance of counsel through the federal pro bono program. Plaintiff's personal circumstance has affected his availability to assist in his case. During the last status conference with the Court on December 9, 2015, the parties and the Court agreed to limit the proceeding. While defendants filed motions for summary judgment on several issues, the scope has now been limited to the statute of limitations issues. If the statute of limitations issue is not dispositive, further alternative dispute resolution efforts will be undertaken.

Given the modified scope of the contested issues presently, Plaintiff's response will not attempt to rebut or supplement facts outside that scope, but will focus on the narrow matter at issue.

### III. Introduction:

Plaintiff was an inmate at the time he received the erroneous surgery giving rise to his present claim. Defendants concede that doctors with the correctional institution removed a testicle with a benign tumor after erroneously believing that the tumor was cancerous. The ultimate question a fact finder will need to decide if the matter is not resolved beforehand is NOT whether informed consent was secured, but whether a reasonably prudent surgeon should have known the tumor was benign at the outset based on appropriate diagnostic testing.

Plaintiff learned about the erroneous nature of the diagnosis following his meeting with Dr. Klein on February 21, 2007 (Poulain Decl. p. 1). While plaintiff cannot recall the specific date, he recalls that it was about three weeks following his meeting with Dr. Klein when the chief surgeon told him that the testicle was benign (Id. at 2). Immediately thereafter, Plaintiff researched on his own accord and learned about a grievance process with the Department of Corrections (Id. at 3). Plaintiff immediately filed an official grievance (Id. at 3). Plaintiff exhausted that process, and a final determination was not issued until October 9, 2009 (Id. at 4). The final determination, issued by Michael Gower, Assistant Director, Operations Division,

Page 2 -    RESPONSE TO MOTION FOR SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\050263\083890\DSL\15158342.1

reads in pertinent part:

> "This is regarding the above referenced grievance appeal concerning your orchiectomy. I have received your Grievance Appeal and have asked SRCI personnel for information related to your complaint."

(Id. at 4).

On September 21, 2009, within 2 years following completion of the grievance proceeding, Plaintiff, pro se, filed this present action (Id. at 5). At no time did anyone with the Department of Corrections advise Plaintiff that any statutory time period for his claim was expiring. Only after filing this suit did Plaintiff learn that timing was an issue (Id. at 5). Plaintiff's incarceration has remained uninterrupted to this day, and his sentence is not a term of life (Id. at 1).

Plaintiff did not learn until the eve of his filing of suit that a procedure called a biopsy could have been performed, and that this procedure was not performed prior to the testicle extraction (Id. at 6). During his incarceration, he has often been in confinement, and general had library restrictions (Id. at 7). Plaintiff's access to legal research tools has been confined to his own abilities to do his own research (Id. at 7).

## IV. Standard of Review:

Defendants concede that they bear the initial burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 US 317, 323 (1986). Defendants have failed to meet this initial burden.

## V. Argument:

Defendants correctly recite the general rule applicable to the statute of limitations for 1983 claims. Douglas v. Noelle, 567 F3d 1103, 1109 (9th Cir 2009). These claims are characterized as personal injury actions and the Courts resort to applicable state statute and case law for controlling authority. Under ORS 12.110(1), these claims must be brought within 2 years from the date of accrual, which under federal law is a discovery rule—2 years from when

Page 3 -   RESPONSE TO MOTION FOR SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\050263\083890\DSL\15158342.1

he knew or should have reason to know of the injury which forms the basis for the action.

But defendants fail to acknowledge the topic of equitable tolling, which was specifically raised after Defendants filed their motion to dismiss and which the court considered in denying the motion. In this regard, federal courts typically apply a forum state's law regarding tolling, including equitable tolling. See Wisenbaker v. Farwell, 341 F.Supp 1160, 1163 (D. Nev 2004). Oregon courts have not directly addressed the application of equitable tolling to ORS 12.110(1). In this absence, this Court must make its own best judgment in determining how Oregon courts would deal with the issue. Id. at 1164. It is noteworthy that at least on one occasion, Oregon courts have equitably tolled strict construction of a statute of limitations to ensure that third parties are not deprived of their right to bring a claim. See Duncan v. Dubin, 276 Or 631 (1976).

In two cases in the 9th Circuit, one at the 9th Circuit, and one in the District Court for the District of Nevada, the Courts specifically applied equitable tolling to incarcerated individuals claim rights. In Wisenbaker, the Court applied the doctrine to toll a comparable statute of limitations in a comparable 1983 claim involving a Nevada inmate when the inmate had first exercised his administrative procedure rights with the corrections institution. The Court focused in particular on two considerations, the plaintiff's diligence and the prejudice the defendant would endure. As to the first, the Court refused to draw a negative inference from the delay in the filing where the court lacked specific information about the reason for any delay. In our case, Plaintiff did not understand until long after his procedure that proper diagnostic testing likely would have revealed the false impression. And if the statute is tolled for the period of the administrative grievance process, the filing clearly is timely. And as to the second, the Court focused on whether the filing of the initial administrative proceeding put the defendants on timely notice to investigate so that they could fairly defend the second action. As noted in the determination from the Department of Corrections, in this case an investigation in fact clearly occurred. Consultation notes were reviewed. The informed consent form was discussed. The Assistant Director even commented that Plaintiff received "sound medical information," a fact

Page 4 -   RESPONSE TO MOTION FOR SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\050263\083890\DSL\15158342.1

which Plaintiff now controverts. So here, based on this record, the only showing has been that there was no prejudice to Defendants.

In the second case, <u>Jones v. Lou Blanas</u>, 393 F3d 918 (9th Cir. 2004), the Ninth Circuit reversed the trial court's decision not to apply equitable tolling to a civil detainee. The Court focused on plaintiff's lack of access to justice while detained, and how the confinement policies restricted access to justice in the first place. In our case, Plaintiff's access was restricted, sometimes completely denied. He relied upon his own, lay skills to evaluate complicated legal issues and follow a vague and nonspecific grievance process. And only when he learned that important rights might be expiring did he file the present lawsuit.

Pursuit of equitable tolling is no surprise to defendants—these authorities were cited by Plaintiff in his response to the motion to dismiss, and served as the basis for the denial by Judge Brown. Nowhere do defendants broach the subject, and given defendants' initial burden of production, it has failed to establish why this Court should not followed the 9th Circuit in Jones, or the Nevada District Court in <u>Wisenbaker</u>, and apply equitable tolling while Plaintiff's administrative grievance was pending.

## V. Conclusion:

Defendants failed to address why the Court should now disregard the equitable tolling doctrine when the Court specifically relied on it to deny the initial motion to dismiss on the very same issue. Plaintiff thoughtfully and diligently pursued his administrative grievance procedure,

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

Page 5 -   RESPONSE TO MOTION FOR SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\050263\083890\DSL\15158342.1

and thereafter filed long before the 2-year period for the statute of limitations had expired. Under the circumstances, Defendants have failed to establish no disputed fact issues, and the motion for summary judgment should be denied.

Dated this 31st day of December, 2014.

SCHWABE, WILLIAMSON & WYATT, P.C.

By: /s/Darien S. Loiselle
Darien S. Loiselle
dloiselle@schwabe.com
Telephone: 503.222.9981
Facsimile: 503.796.2900
Of Attorneys for Christopher Paul Poulain

Trial Attorney: Darien S. Loiselle

Page 6 -   RESPONSE TO MOTION FOR SUMMARY JUDGMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\050263\083890\DSL\15158342.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of December, 2014, I served the foregoing RESPONSE TO MOTION FOR SUMMARY JUDGMENT on the following persons:

*Via Electronic Means*

Michael R. Washington    Michael.r.washington@doj.state.or.us, dianne.fiederer@doj.state.or.us, Jacqueline.M.Withem@doj.state.or.us

/s/Darien S. Loiselle
Darien S. Loiselle

Page 1 -    CERTIFICATE OF SERVICE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\050263\083890\DSL\15158342.1